**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

AZIZ RAHIM BOOKER,

Plaintiff,

v.

BRENDA E. BUCHAKLIAN, ROBERT MILLER, BRANDON MORRIS, TIMOTHY J. VENEGAS, KENYA A. MASON, ROZETTA HUGES, RACINE COUNTY, and SHERIFF DEPARTMENT,

Defendants.

Case No. 26-CV-18-JPS

**ORDER**

Plaintiff Aziz Rahim Booker, an inmate confined at New Lisbon Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF No. 1. On July 13, 2026, the Court screened the complaint, found that if failed to state a claim, and allowed Plaintiff the opportunity to file an amended complaint. ECF No. 12. On July 29, 2026, Plaintiff filed an amended complaint and a motion for reconsideration. ECF Nos. 13, 14. The motion for reconsideration seeks only for the Court to add Defendant Brenda E. Buchaklian ("Buchaklian") as a defendant. ECF No. 14. The amended complaint already names this defendant, however, so Plaintiff's request for reconsideration will be denied as moot. The remainder of this Order screens Plaintiff's amended complaint.

## 1. SCREENING THE COMPLAINT

### 1.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints

liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Plaintiff's Allegations

On April 24, 2025, Plaintiff alleges that Buchaklian forcefully jumped toward Plaintiff, rubbed Plaintiff with her breasts, and spit on him while having some sort of infection. ECF No. 13 at 2-3. Plaintiff believes Buchaklian's actions were a form of sexual abuse. *Id.* at 3. Buchaklian tried to lie by writing Plaintiff a conduct report. *Id.* Captain Caira wrote that the charge against Plaintiff was excessive and found him not guilty. *Id.*

On May 7, 2025, Plaintiff saw Nurse Rozetta Huges for the injury Plaintiff received from this incident. *Id.* Plaintiff requested that a picture be taken of the injury. *Id.* at 4. Huges denied that she could see a mark on Plaintiff. *Id.* Plaintiff maintains that there was still a "light mark where the bump was busted at" and that Huges therefore failed to adequately treat his medical need. *Id.* The warden, deputy warden, and security director at Racine Correctional all were sent a video of the incident and failed to act. *Id.* Plaintiff names Racine County and the Sheriff Department for their failure to investigate his complaint regarding this incident.

### 1.3 Analysis

The Court finds that Plaintiff fails to state an excessive force claim. The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). When a correctional officer is accused of using excessive force, the core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir.

2010). Several factors are relevant to this determination, including the need for force, the amount of force applied, the threat the officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury caused to the prisoner. *Hudson*, 503 U.S. at 7; *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. This is true whether or not significant injury is evident." *Hudson*, 503 U.S. at 9. Additionally, "[a]n unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the force exerted by the assailant is significant." *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012).

Here, Plaintiff alleges that Buchaklian forcefully jumped toward Plaintiff, rubbed Plaintiff with her breasts, and spit on him while having some sort of infection. No allegations suggest that Buchaklian acted maliciously or sadistically to cause Plaintiff harm. Further, no facts suggest that Buchaklian's jumping was intended to humiliate Plaintiff or to gratify her sexual desires. While the Court certainly does not condone this behavior, it nonetheless finds that this de minimus use of force fails to state an Eighth Amendment claim for excessive force. *See DeWalt v. Carter,* 224 F.3d 607, 620 (7th Cir. 2000) (finding the "simple act of shoving" qualified as de minimus use of force that does not constitute cruel and unusual punishment), *abrogated on other grounds by Savory v. Cannon,* 947 F.3d 409 (7th Cir. 2020); *Lunsford v. Bennett*, 17 F.3d 1574, 1582 (7th Cir. 1994) (pouring a bucket of water on prisoner and causing the bucket to hit him in the head characterized as de minimis). As such, the Court finds that Plaintiff fails to state an Eighth Amendment excessive force claim.

Next, the Court does not find that Plaintiff states a claim for improper medical treatment. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)). "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The length of delay that is tolerable "'depends on the seriousness of the condition and the ease of providing treatment.'" *Id.* (quoting *McGowan*, 612 F.3d at 640).

Here, the Court finds that Plaintiff fails to allege facts showing that he had a serious medical condition and that any defendants failed to treat it. Plaintiff alleges that he had only a bump on his lip after Buchaklian jumped towards him and spit at him. A prison medical staff "that refuses to dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue—the sorts of ailments for which many people who are not in prison do not seek medical attention—does not by its refusal violate the Constitution." *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (1997) (quoting *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996)). No

facts suggest that Plaintiff suffered a serious medical need. It is further unclear what medical attention Plaintiff sought and was allegedly denied. As such, the Court finds that Plaintiff fails to state a claim for inadequate medical treatment.

Finally, the Court does not find that Plaintiff states a claim against Racine County or the Sheriff's office. A sheriff's department is generally not a proper defendant. *See Best v. City of Portland*, 554 F.3d 698 (7th Cir. 2009); *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997). Although a county can be a proper defendant in a Section 1983 case, Plaintiff has not plead facts to support such a claim here. Section 1983 grants a private right of action against a "person" who acts under color of state law to deprive another of rights under federal law, including the Constitution. A key part of § 1983's doctrinal structure is the difference between individual and governmental liability. In *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), the United States Supreme Court found that a plaintiff may proceed against a municipal government so long as a constitutional violation was caused by: (1) an express government policy; (2) a widespread and persistent practice that amounted to a custom approaching the force of law; or (3) an official with final policymaking authority. 436 U.S. at 690–91; *Glisson v. Ind. Dep't of Correction*, 849 F.3d 372, 379 (7th Cir. 2017) (en banc).

Here, Plaintiff does not allege any facts to state a *Monell* claim against Racine County. He makes no mention of the failure to train or any unconstitutional policy, customs, or practice. Thus, the Court finds that Plaintiff fails to state a claim against any defendants.

## 2. CONCLUSION

In sum, the Court finds that the amended complaint fails to state a claim upon which relief may be granted. Plaintiff was already provided the opportunity to amend his complaint based on the Court's guidance in the prior screening order, and he failed to amend his factual allegations in a meaningful way to proceed. The Court therefore finds that further amendment would be futile. *See Runnion ex rel. Runnion v Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). As such, the Court is obliged to dismiss this action for the failure to state a claim and will accordingly assess a "strike" under 28 U.S.C. § 1915(g).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration, ECF No. 14, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the failure to state a claim; and

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of October, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.